NORFOLK NATIONAL BANK, APPELLANT, V. FIRST NATIONAL BANK OF BRISTOW, APPELLEE.

FILED APRIL 22, 1926.  No. 23863.

**Bills and Notes:** LIABILITY.  One whose name nowhere appears on a negotiable promissory note is not generally chargeable as indorser.

APPEAL from the district court for Boyd county: ROBERT R. DICKSON, JUDGE.  *Affirmed.*

*Charles. H. Kelsey* and *M. D. Tyler,* for appellant.

*Jesse L. Root, John A. Davies, W. J. Wills* and *J. A. Donohoe, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is an action on an unpaid note in the following form:

---

Note—See 40 Harvard Law Review, 494.

"$4274.72.            Bristow, Nebraska, April 21, 1922.
. ."July 22, 1922, after date, for value received, I promise to pay to the order of C. T. Samuelson, forty-two hundred seventy-four and 72/100 dollars.

"Payable at the First National Bank, Bristow, Nebraska. With interest at the rate of ten per cent. per annum from maturity until paid; payable semi-annually.

"The indorsers, sureties, guarantors, and assignors, severally waive presentment for payment, protest and notice of protest for non-payment of this note, and consent that the time of payment may be extended without notice.
                          " (Signed)    Bert Loomis.
"O. O. Lynch, Nebr., R. 1.
"No. 15622.    Due July 22, 1922.    2.26."

The indorsements on the back of the note are as follows:
"Payment Guaranteed.
"Protest, demand and notice of non-payment waived.
                          "C. T. Samuelson.
"Payment guaranteed.    Protest, demand, notice of non-payment waived.
                          "Woods Credit Company,
                          "By F. W. Woods, Pt.    .
                          "F. W. Woods. ·
".86 cents I. R. S. duly canceled."

The Norfolk National Bank is plaintiff and pleads that it purchased the note in due course of business for full value before maturity.    The action is one at law to recover from the First National Bank of Bristow, the only defendant, as indorser, the unpaid principal and interest.    It is alleged in the petition that in these transactions the business, pursuant to custom, was conducted on the part of defendant in the adopted name of "C. T. Samuelson"—the name appearing on the face of the note as that of payee and on the back of the note as that of indorser.    "C. T. Samuelson" was the name of the vice-president and managing officer of defendant.    The facts on which the action is based, including the charge that defendant is payee and indorser, are pleaded formally in detail.    The note and the

562          NEBRASKA REPORTS.          [VOL. 114

Norfolk Nat. Bank v. First Nât. Bank of Bristow.

indorsements thereon are parts of the petition. Defend-
ant denied liability as an indorser. A jury was waived and
the district court upon a trial of the issues dismissed the
action. Plaintiff appealed.

Is a national bank whose name nowhere appears on a
negotiable promissory note, except to designate the place
of payment, liable as indorser in an action at law on the
note to recover the unpaid principal and interest?

Plaintiff insists that defendant, the First National Bank
of Bristow, in fact lent to Loomis the money for which he
gave the note in controversy, that defendant was the real
payee and the first indorser, that in these transactions de-
fendant conducted, pursuant to custom, the business in the
adopted name of C. T. Samuelson, and that the liability on
the actual indorsement is the same as if the name of the
First National Bank of Bristow, defendant, had appeared
in the note as payee and in the indorsement as indorser.
The position outlined does not seem to be tenable. Under
such a custom personal transactions of C. T. Samuelson in
accepting and transferring a note would be identical with
that of defendant—the bank of which he was the managing
officer. Identity of parties is an important factor in bank-
ing affairs. Without attempting to reform the note, plain-
tiff demanded the enforcement of an obligation not expressed
or implied in the writing itself. This required oral proof
at variance with what is clearly expressed on the face and
back of the note on which the action was based. It also
required oral proof of a custom showing that the written
contract of the parties in unambiguous terms is not what it
purports to be. A negotiable instrument with indorse-
ments thereon, if any, has a definite import in commerce,
carrying generally on its face and back its obligations and
the names of the obligors. In the channels of trade it is
not intended to be a bearer of fictitious names or undis-
closed obligations. Furthermore a national bank is a crea-
ture of federal law with a corporate name to be used in
conducting the business of banking. It seems clear, there-
fore, without a reformation of the note, in absence of fraud

or mistake, that parol evidence was inadmissible for the purpose of showing that the writings did not disclose on their face their true import, or that custom created an unexpressed obligation, or that C. T. Samuelson was an adopted name of defendant. The controlling principle is that one whose name nowhere appears on a negotiable promissory note is not generally chargeable as indorser. There are exceptions to the rule, but none of them applies to the facts of the present case. It follows that the action was properly dismissed.

AFFIRMED.

THOMPSON and EBERLY, JJ., dissent.